NAYLOR *versus* PHILLIPS.

1. The neglect of a party in a trial at law, to avail himself of a continuance or new trial, when he could have done so, it is no ground for the interference of chancery, in his behalf.

In error from Pickens Circuit Court.

This was a bill in chancery, enjoining a judgment. The grounds of error appear in the opinion of the court.

LIPSCOMB, C. J.—This cause is brought up from a decree of the Circuit court of Pickens county.— The decree, perpetually enjoining the plaintiff from seeking satisfaction of the judgment he had recovered at common law, against the defendant, is sought to be reversed.

Believing as we do, that there is no equity in the complainant's bill, we shall refrain from examining the testimony offered by the complainant in support of the allegations. His whole claim to resort to chancery jurisdiction, may be condensed and expressed in a very few words. He had a good defence at common law ; he subpoenaed his witnesses to make out

that defence ; they failed to attend in obedience to the writ of subpœna : he went into trial, made no defence, but suffered judgment to go against him by *nil dicit.* This is the sum and substance of his complaint. If he had used diligence and all the means required by the rules of the court of common law, it is not to be questioned but that a continuance would have been granted to him for a reasonable time ; but even if it had been refused, can it be expected that a court of chancery will assume on itself to say that the court of law, in the details of its business, had erred, and had forced a party into a trial, when he ought to have been indulged with a continuance.— The authority and the discretionary powers of a court of law are fully sufficient to protect its suitors from the results of being forced into a trial by surprise, when unprepared. If diligence has been used, a continuance will be granted, on making that diligence appear to the satisfaction of the court. If the party should be taken by surprise, by the testimony proving to be different from what he had reason to suppose that it would be, the court has a discretionary power to grant a new trial ; if a probable ground is shewn, that justice has not been done, and that the party can be better fortified on another trial.. The record we have before us, does not throw on the court of law the slightest imputation of a departure from its ordinary rules of practice, nor of having enforced those rules with rigor. It does not appear that a continuance was asked, nor that any compulsory process was resorted to for the purpose of enforcing the attendance of complainant's witnesses. We do, however, utterly disclaim all right to pass in judgment on the correctness of decisions made by the court

of law on those subjects. They are matters exclusively of their cognizance, and not ours, while we are in the exercise of chancery jurisdiction.

The decree of the Circuit court must be reversed, the injunction dissolved, and the bill dismissed with full cost.